359 P.2d 518

Henry LOUDERBOUGH and Olga B. Louderbough, Plaintiffs-Appellants,

v.

Russell H. HEIMBACH, Defendant-Appellee.

No. 6769.

Supreme Court of New Mexico.

Feb. 17, 1961.

Schall & Sceresse, Louis J. Vener, Albuquerque, for appellants.

Iden & Johnson, Richard G. Cooper, Albuquerque, for appellee.

COMPTON, Chief Justice.

This is an action for personal injuries and property damages sustained by the plaintiffs in a collision of motor vehicles at the intersection of Carlisle and Central East being driven by the plaintiff, Olga B. Louderbough, and the defendant, Heimbach, respectively.

As a first cause of action, the complaint alleges that as plaintiff, Olga B. Louderbough, was driving north on Carlisle on a green light in crossing Central East and having entered the northerly half of the intersection, the defendant negligently and illegally ran a red light, entered the intersection from the east and collided with the plaintiffs' vehicle, resulting in personal injuries to her, and for which the plaintiffs sought damages. By a second cause of action, the plaintiffs sought damages for injury to their motor vehicle, for hospital care and medical expenses, etc.

By a second count of each cause of action, the plaintiffs relied on the doctrine of res

ipsa loquitur on the theory that the vehicle driven by the defendant was under his exclusive control. Issue was duly joined and, affirmatively, the defendant pleaded contributory negligence as a defense to the action. The cause was tried to a jury which found for the defendant. Judgment was entered accordingly, and the plaintiffs appeal.

The appeal does not concern the questions of primary negligence, contributory negligence, proximate cause nor res ipsa loquitur. The court, however, over appellants' objection, instructed the jury on unavoidable accident, and the question is whether objections thereto were sufficient to present questions for review. It is solely to this issue we address ourselves.

The defendant testified that he was driving at a speed of 25 to 30 miles per hour; that immediately prior to the collision, he had crossed "Hermosa dip" which at the time had water in it running about a foot deep; that as he approached Carlisle, he observed the traffic caution light starting to turn yellow and applied his brakes, but there was a brake failure due to the brakes having thus become submerged.

The challenged instructions read:

"No. 20—You are instructed that an unavoidable accident is an event happening unexpectedly without anyone's foresight or expectation and without negligence of either party. Therefore, if you find from the evidence that the plaintiff received the alleged injuries, by reason of an unavoidable accident brought about as the direct, proximate result of unavoidable circumstances, you will find for the defendant.

"No. 21—You are instructed if you find from the evidence in this case that the accident in question and the resulting alleged injuries proximately resulted from water in the brake drums and brake bands of defendant's truck which caused said brakes to slip and fail to operate and defendant because thereof was unable to stop his truck, and if you further find defendant did not know or have reason to know thereof in time to avoid the collision, such would be an unavoidable accident and not negligence on the part of defendant."

The objections interposed to the instructions are as follows:

"Plaintiffs object to the Instructions Nos. 20 and 21 in that they unduly emphasize the issue of unavoidable accident and are repetitious. Plaintiffs object to the two instructions as to form in that they do not correctly state the law of unavoidable accident and that they are both objectionable inasmuch as unavoidable accident is merely an extension of the doctrine of contributory negligence and should not be instructed upon as a separate item and

finally plaintiffs object and except to Instruction No. 21 because the only evidence before the jury showed conclusively that the defendant had a reason to know that wet brakes were ineffective brakes and that, therefore, the matter was not issuable."

Appellants assert that the giving of the instructions constituted prejudicial error for the following reasons:

"A. The facts of the accident conclusively demonstrate defendant could not have applied his brakes prior to impact; since the alleged 'brake failure' did not occur, it could not have proximately, or otherwise, caused the collision, and the instructions were unwarranted and the giving of them was reversible error.

"B. Defendant was palpably and admittedly negligent for an appreciable period of time before he made any attempt to apply his brakes; because of defendant's antecedent negligence, the accident became 'inevitable' several seconds before his abortive attempt to apply his brakes, and for this additional reason giving the instructions was reversible error.

"C. Where, as in this case, the defendant has violated an ordinance, and/or a statute, the giving of an instruction on 'unavoidable' accident is reversible error.

"D. The fact that water temporarily renders brakes ineffective should have been judicially noticed by the trial court; if, in truth, defendant did not know this fact, his ignorance alone was negligence and proximately causative."

Clearly, the objections failed to point out the vice in the instructions. Nor were the questions now urged for a reversal brought to the attention of the court thereby. It is well settled that to save a question for review, it must be presented to the court and a ruling invoked thereon. We must conclude that such objections to the instructions were insufficient to suggest the error now urged. It follows, therefore, that the instructions, right or wrong, cannot be reviewed for error here for the first time. This principle is well established by our own cases. Warren v. Spurck, 64 N.M. 106, 325 P.2d 284. Also see New Mexico Digest, Appeal and Error, ☞169, et seq., as supplemented by 1960 accumulative pocket parts.

But appellants insist that other compelling considerations require us to take notice of the claimed error. They contend that the error is fundamental. We disagree; while the doctrine of fundamental error has its place in this jurisdiction, Armijo v. National Surety Corp., 58 N.M. 166, 268 P.2d 339; State v. Garcia, 19 N.M. 414, 143 P. 1012, this is not a proper case for its application. Sapp v. Atlas Building

Products Co., 62 N.M. 239, 308 P.2d 213; State v. Garcia, 46 N.M. 302, 128 P.2d 459.

The judgment should be affirmed and it is so ordered.

MOISE and NOBLE, JJ., concur.

CARMODY and CHAVEZ, JJ., not participating.