368 P.2d 806

Boyd NALLY, Plaintiff-Appellee,

v.

TEXAS–ARIZONA MOTOR FREIGHT, INC., a corporation, Defendant-Appellant.

No. 7007.

Supreme Court of New Mexico.

Feb. 5, 1962.

W. C. Whatley, R. E. Riordan, Las Cruces, for appellant.

E. Forrest Sanders and William W. Bivins, Las Cruces, for appellee.

CHAVEZ, Justice.

This is an appeal by defendant, Texas-Arizona Motor Freight, Inc., a corporation, from a judgment for plaintiff-appellee, Boyd Nally, pursuant to a jury verdict.

Appellee alleged that on October 31, 1957, he was in appellant's building in the furtherance of business, and while leaving through the southerly entrance, as he passed through the door opening, he was struck without warning by the heavy sliding door and received severe and permanent injuries through the negligence of appellant.

Appellee then alleged that appellant, through its agent, Jack McGhee, was negligent in: (a) Not having the sliding door equipped with door checks or resistors to prevent the sliding door from closing suddenly; (b) that appellant negligently caused said sliding door, through which appellee and his minor son were leaving the building,

to be suddenly closed on the head of appellee; (c) that appellant negligently failed to warn customers that said door would suddenly and forcibly close and that appellant knew, or should have known, that appellee was unaware of that fact and knew, or should have known, that appellee was in a position of danger in the event that the door suddenly closed through any act of appellant; (d) that appellant was negligent in maintaining and operating said door and the equipment attached thereto; (e) that appellant failed to exercise ordinary care to keep the door free from danger to appellant's invitees; (f) that appellant failed to maintain said door in a reasonably safe condition for the use of appellant's invitees and customers, including appellee; (g) that appellant knew the purpose for which said door was used and that it was one of such character that it was liable to become a source of great danger to invitees and customers if permitted to suddenly close; (h) that appellant was negligent in the operation of its truck and motor vehicle at said time and place which, with the load of pipe thereon, was a cause of the sudden closing of the door; (i) that appellant failed to exercise ordinary care in allowing a length of pipe to extend from the rear of its truck for an unreasonable and excessive length and to have no warning flags or signs attached to said protruding lengths of pipe; (j) that appellant failed to warn its invitees and customers of the conditions then and there existing; (k) that prior to the time that appellee and his minor son started to leave the warehouse through the south entrance, the sliding door was open to an extent sufficient for appellee and his son to leave with safety, and that at said time the door was stationary; that immediately upon appellee passing through the opening of the door, appellant negligently and carelessly and in disregard of appellee's rights and safety, caused the door to roll shut with great force, striking appellee's head and wedging his head between the door and the frame.

Appellee further alleged that as a direct result of being so struck, appellee sustained severe and permanent injuries; that in so using the door, appellee exercised ordinary care and caution for his own safety, and that his injuries sustained were the direct and proximate result of appellant's negligence; that appellee suffered a severe laceration extending from below the left cheek bone through the external left ear to a point about two inches behind the ear in the scalp, and which laceration cut about one-third of the left ear off, resulting in numbness and loss of feeling, impairment of hearing in the left ear, acute strain of the cervical spine with acute lumbosacral sprain requiring the use of a cervical collar from November 15, 1957, to date hereof, and painful, severe and constant headaches with sharp shooting pains and a steady ache; that as a result of said injuries, ap-

pellee has suffered great physical pain and mental anguish and will suffer great physical pain; that by reason of said injuries, appellee suffered damages in the sum of $35,000; that appellee was hospitalized for thirteen days, incurring hospital expenses of $156, doctors and surgeons expenses in the sum of $115.78, X-ray, medicine and medical expenses of $101.80, travel expenses to and from El Paso, Texas, of $71.15, and loss of earning for thirty-two days of $550.

Appellant answered denying all allegations of negligence. By special defense, appellant alleged that appellee was familiar with the premises and with the sliding door which appellee claims injured him; that appellee himself was careless and negligent and walked into the place where he was injured without keeping a proper · lookout and without exercising care for his own safety; and that appellee's acts constituted a proximately contributory cause of the injury.

Appellant is a common carrier operating in interstate commerce through Lordsburg, New Mexico. It owns and maintains a large building containing a warehouse and office in connection therewith. One Jack McGhee was appellant's agent in the conduct of its business. In connection with its business, appellant invites the general public to enter and leave its warehouse and office through doors owned and controlled by appellant. Entrance on the south side of the building is obtained by entering through a large sliding door.

As appellee and his five-year-old son were leaving appellant's warehouse, appellee grabbed his son who was near the door, because the truck and pipe thereon were moving. The sliding door then closed, wedging appellee's head therein. Appellee and his minor son had entered earlier through this warehouse door enroute to appellant's office to pay a freight bill. Others, as well as appellee, had used this door for convenience. Appellant's agent, McGhee, preceded appellee by a few minutes. McGhee went to the loading dock, loaded and tied three lengths of three-inch pipe, some twenty or twenty-one feet in length, on a truck which was adjacent to the dock, and drove the truck and pipe away. There is testimony that McGhee drove away at about fifty miles per hour and without checking behind him, although he knew that appellee and his son were leaving. There is also evidence that there was a noise or something striking the metal door.

· Appellant relies on three points for reversal:

I. By its verdict, the jury manifestly misconstrued and wholly misunderstood the true relationship existing between appellee and the appellant, and its agents and servants, and imposed upon the appellant a duty which the appellant did not owe to the appellee.

II. There is no evidence in the record of negligence on the part of the appellant, its agents or employees, to support the jury's verdict and the judgment entered thereon.

III. Appellee was guilty of contributory negligence as a matter of law.

█ We dispose of appellant's point I by saying that the subject matter of point I was never raised by appellant's motion for a directed verdict or in the trial. Thus, it will not be considered by us. Koran v. White, 69 N.M. 46, 363 P.2d 1038. See also Metzger v. Ellis, 65 N.M. 347, 337 P.2d 609; Soens v. Riggle, 64 N.M. 121, 325 P.2d 709; Danz v. Kennon, 63 N.M. 274, 317 P.2d 321.

█ We might also add that the question of whether or not appellee was an invitee or licensee and the duty owing to both was fully covered in the instructions by the trial court without any objection thereto by appellant. (Instructions Nos. 15, 16, 18, 19, 20, 21 and 22.) Having accepted the submission of the issue to the jury the same became the law of the case and appellant cannot now complain. Louderbough v. Heimbach, 68 N.M. 124, 359 P.2d 518; Sanchez v. Board of County Commissioners, 63 N.M. 85, 313 P.2d 1055; and Bell v. Carter Tobacco Co., 41 N.M. 513, 71 P.2d 683.

Under point II, appellant contends that there is no evidence of negligence on the part of appellant, or its agents.

The evidence shows that appellee was acquainted with the warehouse and knew appellant's agent, McGhee. About 10:30 or 11:00 on the morning of October 31, 1957, appellee, together with his minor son, went to appellant's warehouse, entering through the warehouse door. At the back of the warehouse and immediately adjacent to it, is a concrete loading dock, ten feet wide and forty feet long. Between the dock and the warehouse there was a hanging or sliding door on rollers, which door rolls or slides east to open and west to close. After passing through the door, appellees proceeded through the warehouse to the office to pay a freight bill due appellant. F. H. Daniels, a retired railroad employee who occasionally helped McGhee in appellant's warehouse, was also present in the building. Appellee paid his bill to McGhee and then left the office. It appears that McGhee left the office before appellee. McGhee went toward the dock to load some pipe on a truck. In the meantime, appellee and his son were going to the warehouse door and, while in the warehouse, appellee said a few words to Daniels. At the time appellee and his son started to leave the warehouse, the door was open two or three feet. Appellee walked behind his minor son. The boy got to the door and started to go out when appellee looked down, saw pipe moving, and his son about to step over the pipe. Appellee bent over forward, grabbed the boy and pulled him

back. At that time the sliding door suddenly closed and appellee's head was wedged between the sliding door and the flat facing for the door.

After leaving the office, McGhee went through the warehouse to the dock and commenced to load a truck with three lengths of three-inch pipe, twenty or twenty-one feet in length, and with a collar on each end of the pipe. The truck was about seven or eight feet wide and twelve feet in length, so that the pipe extended beyond the back of the truck about eight feet. McGhee loaded and tied the pipe on the truck and then drove the truck away from the dock toward the west. McGhee also testified that he started the truck off all of a sudden, that he drove away at just about 50 m. p. h., and that he turned south after starting off from the dock.

Daniels, who had been in the office at the time McGhee and appellee were there, also left the office and went to what he referred to as a work room. Upon hearing a noise " * * * just like something hitting the door—it's tin—that makes a noise," he turned and saw appellee right close to the door, holding his ear. Appellee's hand was over the left side of his face and he noticed that the left side of appellee's head was bleeding. Daniels then ran to the door, saw appellee, and noticed McGhee's truck was already a block away from the building. McGhee also testified that the door slides by "muscle." He stated that the door had

originally been equipped with rollers at the top of the door to run along a track, but the rollers had worn out and the door was, at the time of the accident, a sliding door and it was not equipped with stops or resistors of any kind. McGhee further testified: " * * * and all that's holding it up is all that's left of the hardware in the top in the track, but it slides, actually, on the concrete."

Floyd Cox testified that he was on the dock of Ritter Walker Company, which is south of appellant's warehouse, a distance of 100 or 150 yards from appellant's warehouse. He was in view of appellant's warehouse. In the latter part of the morning he heard a noise, sufficient to direct his attention. He looked up and saw McGhee driving away from the dock of appellant's warehouse in his truck.

■ The law is well established that unless a motion for a directed verdict made at the close of plaintiff's case is renewed at the close of the entire case, appellant cannot, on appeal, raise any question concerning the legal sufficiency of the evidence to sustain the judgment. Bondanza v. Matteucci, 59 N.M. 354, 284 P.2d 1024; 5 Moore's Federal Practice, 2d Ed., § 50.05, p. 2322.

■ Nevertheless, we have reviewed the record and following the rule long established in this jurisdiction, that all conflicts must be resolved in favor of the suc-

cessful party, and all reasonable inferences indulged in to support the judgment, and all evidence to the contrary disregarded, we hold that the judgment is supported by substantial evidence.

Appellant's point III is that appellee was guilty of contributory negligence as a matter of law.

There is no merit in this contention. The question of contributory negligence was neither raised in the trial nor passed upon by the trial court and, not being juris-dictional, it will not be considered on appeal. Koran v. White, supra. See also § 21–2–1(20), N.M.S.A., 1953 Comp., Supreme Court Rule 20; and Terry v. Biswell, 66 N.M. 201, 345 P.2d 217.

Finding no error, the judgment of the district court is affirmed.

It is so ordered.

MOISE and NOBLE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.