628

506 P.2d 785

STATE of New Mexico ex rel. STATE HIGH-
WAY DEPARTMENT of New Mexico,
Petitioner-Appellant,

v.

Alan ROBINSON et al., Defendants-
Appellees.

No. 9552.

Supreme Court of New Mexico.

Feb. 23, 1973.

———◆———

David L. Norvell, Atty. Gen., E. E. Chavez, Chief Counsel, Leslie D. Ringer, Richard T. Whitley, Richard L. Russell, State Highway Dept., Asst. Attys. Gen., Santa Fe, for appellant.

David A. Grammer, Albuquerque, for appellees.

OPINION

McMANUS, Chief Justice.

Appellant, State of New Mexico, ex rel. State Highway Department of New Mexico, filed an action in the District Court of Catron County seeking to condemn property owned by Robinson and others, appellees. At the conclusion of a jury trial and after the verdict was returned in favor of appellees, appellant moved for a new trial upon these grounds:

"1. In reaching its verdict in this cause, the jury ignored and failed to follow the instructions of the court, in that it awarded damages for the claimed loss of access to a portion of the ranch of defendants.

"2. The verdict returned by the jury in this cause awards damages that are excessive, and were the result of prejudice, mistake or other improper cause."

That motion was denied by the trial judge in his order denying a motion for new trial for the reason that "substantial evidence exists for the rendition of the jury verdict."

Appellant claims in this appeal that the existence of substantial evidence is irrelevant; that it is the duty of the court below to weigh the evidence.

Although the judge's ruling on the motion was not directly addressed to either of the two proposed grounds, it is evident that he was satisfied with the verdict. Appellant has not demonstrated satisfactorily any failure of the judge to exercise his discretion and has demonstrated no abuse of the trial judge's discretion. As stated in Scott v. Brown, 76 N.M. 501, 416 P.2d 516 (1966):

"* * * The granting or denial of a motion for a new trial rests within the discretion of the trial court and will be reviewed only for a clear abuse of that discretion. * * *"

Affirmed. It is so ordered.

OMAN and MARTINEZ, JJ., concur.