565 P.2d 1046

**Bill A. MARTINEZ, Plaintiff-Appellant,**

v.

**Marilyn K. SCHMICK,
Defendant-Appellee.**

**No. 2741.**

Court of Appeals of New Mexico.

May 10, 1977.

Rehearing denied May 23, 1977.

Writ of Certiorari Denied June 16, 1977.

Robert K. Patten, Gallagher, Casados & Patten, Albuquerque, for plaintiff-appellant.

James T. Roach, Klecan & Roach, P. A., Albuquerque, for defendant-appellee.

## OPINION

HERNANDEZ, Judge.

Plaintiff appeals from an adverse judgment entered on a jury verdict in a negligence action arising out of an automobile accident.

The accident occurred on September 5, 1974, at about 2:00 p. m. at the intersection of Coors Road and Blake Road in the southwest quadrant of Albuquerque. The plaintiff was traveling south on Coors Road at a speed of 45 miles per hour. The defendant, who had been traveling north on Coors Road, made a left turn at the intersection intending to go west on Blake Road. During the turn and at the moment of impact she was traveling at 5 miles per hour. Coors Road at this intersection consists of two lanes in each direction, each 12 feet wide. The accident occurred in the right-hand lane of the southbound lanes, that is, the lane nearest the shoulder of the road. The view north and south from the intersection on Coors was unobstructed for a distance of 100 yards or more. The plaintiff's vehicle had left 30 feet of skid marks. Plaintiff did not see defendant's vehicle un-

til it was close in front of him making a left turn across his lanes of travel; defendant never saw plaintiff's vehicle before impact.

Plaintiff's first point of error is that the trial court erred in refusing to give his requested instruction on "sudden emergency," N.M. U.J.I. Civ. 13.14:

"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence of or the appearance of imminent danger to himself or another, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments.

"His duty is to exercise only the care that a reasonably prudent person would exercise in the same situation.

"If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any reasonably prudent person under the same conditions then he has done all the law requires of him, even though in the light of after events, it might appear that a different course would have been better and safer."

■ It is our opinion that the trial court erred, because the facts of this case require the application of the sudden emergency doctrine. A party is entitled to have the jury instructed upon his theory of the case if it is supported by substantial evidence. *Mantz v. Follingstad*, 84 N.M. 473, 505 P.2d 68 (Ct.App.1972).

The trial court gave defendant's requested instruction on contributory negligence, but refused plaintiff's requested instruction on sudden emergency. Plaintiff claims as his first point of error that refusal of the emergency instruction was error because there was substantial evidence on the issue of sudden emergency and proper objection was made when the instruction was refused. Defendant contends (1) that plaintiff's failure to object to the contributory negligence instruction bars him from claiming on appeal that it was error for the trial

court to refuse the sudden emergency instruction, and (2) that there was insufficient evidence to support the giving of the instruction on sudden emergency. We consider these contentions in order.

Defendant does not adequately explain the reasoning behind her first contention, but we understand her to mean that instructions on contributory negligence and sudden emergency are mutually inconsistent when applied to the same party. The sudden emergency instruction, supra, begins with the phrases, "A person who, *without negligence on his part*, is suddenly and unexpectedly confronted with peril . . . ." [Emphasis added.] Under defendant's reasoning, plaintiff ought to have objected to the contributory negligence instruction in order to be able to claim that he had not contributed by his negligence to creating the sudden emergency.

It is a question of first impression in New Mexico whether instructions on contributory negligence and sudden emergency are mutually inconsistent when applied to the same party, so that a party offering the emergency instruction is required to object to an instruction on negligence or contributory negligence which might apply to him.

■ The sudden emergency doctrine is merely the application of the "reasonable person" standard to a situation in which a reasonable person cannot be expected to act with forethought or deliberation. It is a condition precedent to applying the doctrine that the party relying on it must not have contributed by his negligence to creating the emergency. 2 Restatement (Second) of Torts § 296 and comments *b* and *d* (1965); W. Prosser, The Law of Torts § 33 (4th ed. 1971). As we stated in a recent opinion, the fact that the party relying on the doctrine *may* have contributed by his negligence to causing the emergency does not preclude giving the sudden emergency instruction. It is ordinarily a question of fact for the jury whether the negligence of the party contributed to causing the emergency. If the jury finds such negligence, it does not apply the emergency doctrine; if it finds no

such negligence, it goes on to apply the emergency doctrine. *Barbieri v. Jennings*, 90 N.M. 83, 559 P.2d 1210 (Ct.App.1976); *Britton v. Jackson*, 226 Or. 136, 359 P.2d 429 (1961). In order for the jury to follow the proper sequence, it would be desirable to precede the sudden emergency instruction by an instruction such as "If you find that the plaintiff was contributorily negligent and that his negligence contributed to causing the emergency situation, you must disregard the instruction on sudden emergency."

■ Assuming that there was evidence to support giving both a contributory negligence instruction and a sudden emergency instruction, was plaintiff required to object to the contributory negligence instruction in order to be entitled to the sudden emergency instruction? We hold that he was not so required. Failure to object did not constitute an admission on plaintiff's part that he was contributorily negligent; it constituted only a recognition by plaintiff that there was an issue of fact as to contributory negligence which it was necessary for the jury to decide before it could apply the sudden emergency instruction.

■ The parties are in conflict as to whether there was substantial evidence to support giving a sudden emergency instruction. Even viewing the evidence in the light most favorable to the prevailing party, as we must on appeal, we must conclude that there was sufficient evidence on the issue of sudden emergency to go to the jury. Plaintiff testified that he was watching the road ahead of him and that defendant's car suddenly appeared making a left turn across the lanes of traffic close in front of him. He was able to apply his brakes and he thought he tried to change lanes, but he was unable to avoid a collision. For the evidence necessary to support a sudden emergency instruction, see *Barbieri v. Jennings*, supra; Annot., 80 A.L.R.2d 5, § 4 (1961).

Defendant relies on *Horrocks v. Rounds*, 70 N.M. 73, 370 P.2d 799 (1962), but that case is distinguishable because the court determined as a matter of law that defend-

ant (the party relying on the sudden emergency doctrine) contributed by his negligence to causing the accident. Defendant also cites *Frei v. Brownlee*, 56 N.M. 677, 248 P.2d 671 (1952), but in that case our Supreme Court held that it was proper for the issue of sudden emergency to go to the jury under an instruction that emphasized that the party relying on the doctrine must be free from negligence in causing the emergency. Finally, defendant cites *Bellere v. Madsen*, 114 So.2d 619, 80 A.L.R.2d 1 (Fla. 1959); there, the implication of the holding is that the trial court should have found the defendant negligent as a matter of law, and that he was therefore not entitled to an instruction of sudden emergency.

■ Plaintiff's second point of error is that the trial court erred in denying his motion for a new trial. Plaintiff's motion was not denied by the trial court but by operation of law because a ruling had not been entered within 30 days of the filing of the motion. Nonetheless, this does not preclude our considering the matter. *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399, 42 A.L.R.3d 859 (1970). The ground for plaintiff's motion was "that no substantial evidence supports the verdict returned by the jury." The granting or denial of a motion for a new trial rests within the sound discretion of the trial court and its ruling will not be disturbed in the absence of a clear abuse of that discretion. *State ex rel. State Highway Dept. v. Robinson*, 84 N.M. 628, 506 P.2d 785 (1973). In view of the plaintiff's own testimony, this point borders on the spurious. The trial court did not abuse its discretion.

In light of our disposition of plaintiff's point one, the judgment is reversed and a new trial is granted.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

Plaintiff raises two questions on appeal:

(1) The court erred in refusing plaintiff's requested jury instruction on sudden emergency, and (2) the court erred in denying the plaintiff's motion for a new trial.

A. *Trial court's failure to state reasons for refusal was not reversible error.*

Plaintiff requested that the court give U.J.I. 13.14 on sudden emergency. The trial court refused. The defendant objected because "there has been evidence showing that the Plaintiff might have been or was at some time operating under an emergency situation; that it goes to the issue of his contributory negligence, if any, and that failure to give such an instruction is prejudicial and deprives the Plaintiff of the theory of his case." At the close of objections stated by plaintiff and defendant, the court said:

Okay, gentlemen, thank you. We'll be in recess until one-thirty. At that time we'll instruct the jury, and then you can make your closing arguments.

For reasons unknown, the trial court did not comment on its refusal to give the instruction. Plaintiff relies on *Chapin v. Rogers*, 80 N.M. 684, 459 P.2d 846 (Ct.App. 1969) for reversal. Here the court held that " . . . [A] U.J.I. instruction must be used, unless the court finds it to be erroneous or otherwise improper, and states into the record the reasons for not using it. A failure to comply with the Order of the New Mexico Supreme Court in this regard constitutes reversible error." [80 N.M. at 686–87, 459 P.2d at 848]. Plaintiff's attorney should have known that this rule was modified.

On June 29, 1970, rehearing denied October 15, 1970, the Supreme Court followed *Chapin* in *Clinard v. Southern Pacific Company*, 82 N.M. 55, 60, 475 P.2d 321, 326 (1970) and said:

U.J.I. 17.8, specifically requested by the railroad, *should have been given* and the failure of the trial court to explain why it was not, and to follow the clear, mandatory requirements of Rule 51(1)(c), supra, constitutes reversible error in this case. [Emphasis added]

On November 16, 1970, one month later, the Supreme Court said in *Jewell v. Seidenberg*, 82 N.M. 120, 124, 477 P.2d 296, 300 (1970) (Justice Compton, dissenting):

We agree with the holding of our Court of Appeals in *Chapin v. Rogers*, supra, that U.J.I. requirements are mandatory, but if any statement therein would seem to make a failure to comply with them reversible error, *regardless of a showing of prejudice*, it must be modified. [Emphasis added.]

No reference was made to *Clinard*.

We have interpreted *Jewell* and *Clinard* to mean that *it is error* when the trial court fails to state in the record the reasons for not using a U.J.I. instruction. However, it is *not reversible error* unless the plaintiff can show that he was prejudiced by the failure to give the requested instruction, and that substantial rights of his have been harmed. *Anderson v. Welsh*, 86 N.M. 767, 527 P.2d 1079 (Ct.App.1974).

In *Chapin* and *Clinard*, substantive U.J.I. instructions were requested and refused and the case reversed as a matter of law. In *Jewell*, a cautionary U.J.I. instruction was requested and refused, but the case was not reversed because defendant did not establish prejudicial error.

The time has come for the present Supreme Court to review the cases and determine what result shall follow the failure of the trial court to state into the record the reasons for refusing to give a U.J.I. instruction. Judge Oman, later Chief Justice of the Supreme Court, wrote *Chapin*, and it was concurred in by two members of this Court. Chief Justice Compton dissented in *Jewell* because it chipped away at the use of U.J.I. instructions.

In my opinion, the trial judge should lay his cards on the table when objections to instructions are made, when the facts are fresh in mind, and the application and meaning of the instruction is clear. "We must speak by the card, or equivocation will undo us." Shakespeare: Hamlet V. 1. When a trial court lays his cards on the table during the entire trial of the case, it

assists the attorneys who tried the case, and it assists the appellate courts on review.

In my opinion, when the trial court fails, by inadvertence or oversight, to state its reasons in the record, the lawyer has a duty to request the court to state the reasons to preserve the error on review. When the reasons are given, the lawyer has the right to respond in order to try and avoid reversible error.

When an appellate court puts the burden on a party whose U.J.I. instruction has been refused, to establish prejudice and substantial harm, the appellate court can affirm or reverse in good conscience. But doubt, speculation and uncertainty arises because we have no knowledge of what effect the instruction might have had on the verdict of the jury. If we believe it has no effect, we call it harmless error. If we believe it does have an effect, we call it prejudicial error.

To solve this problem, to avoid doubt and uncertainty, to avoid reversible error, the *Chapin* rule should prevail provided, upon the failure of the trial court to state the reasons in the record, the party requesting the instruction remind the trial court to state his reasons in the record.

### B. *The sudden emergency instruction was not applicable.*

#### (1) *Facts Favorable To Plaintiff*

The automobile accident occurred September 5, 1974, at approximately 2:00 p. m. on a clear, dry afternoon in the right-hand, southbound lane of Coors Road. Coors Road consisted of four lanes, two northbound and two southbound, with each lane about twelve feet wide. Blake Street runs east and west. Immediately prior to the collision, plaintiff, 22 years of age, was proceeding south on Coors Road at between 40 and 45 miles per hour. He was looking straight ahead, paying attention to the oncoming traffic. He was just driving along, "and all of a sudden this car turns right in front of me." The car was proceeding west across Coors Road into Blake Street. Plaintiff had no idea how fast the car was going. He did not see defendant's car except a moment before the collision. He saw the vehicle at the "beginning of the intersection." He said, "I just saw it there and smashed into it."

Was plaintiff entitled to the sudden emergency instruction?

U.J.I. 13.14, Sudden Emergency, reads:

A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence of or the appearance of imminent danger to himself or another, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments.

His duty is to exercise only the care that a reasonably prudent person would exercise in the same situation.

If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any reasonably prudent person under the same conditions then he has done all the law requires of him, even though in the light of after events, it might appear that a different course would have been better and safer.

The court also instructed the jury on contributory negligence, the duty to use ordinary care, keep a proper lookout, not merely look, but to actually see what is in plain sight or obviously apparent, and speed.

U.J.I. 13.1, Contributory Negligence, reads:

When I use the expression "contributory negligence", I mean negligence on the part of the plaintiff that proximately contributed to cause the alleged damages of which plaintiff complains.

A claim of "sudden emergency" is simply a denial of negligence. *Lawrence v. Deemy*, 204 Kan. 299, 461 P.2d 770 (1969). "Sudden emergency" is not the primary issue. The primary issue is plaintiff's contributory negligence. "Sudden emergency" is a secondary phase raised by the plaintiff to protect himself in his claim for relief. It

is "a formula whereby a jury may determine that acts which would constitute negligence under normal circumstances do or do not constitute negligence in the face of sudden peril." *State of New Mexico ex rel. State Highway Commission of New Mexico v. Davis*, 64 N.M. 399, 405, 329 P.2d 422, 426 (1958).

The essential elements of the sudden emergency doctrine are: (1) A sudden and unexpected peril must have actually existed, or apparently existed from the standpoint of the one asserting the doctrine. The sudden peril must *not* have been reasonably anticipated. (2) The sudden peril must *not* have arisen from the actor's own negligent conduct. This means that the sudden peril "is not brought about, in whole or in part, by the negligence of the party seeking to invoke the doctrine." *Zook v. Baier*, 9 Wash.App. 708, 514 P.2d 923, 929 (1973). (3) *The actor must have been faced with deciding between two or more courses of action in order to make a choice.* (4) There must not have existed time for reflective judgment upon which course to follow. (5) Once the sudden peril is perceived, the actor must exercise such care as a reasonably prudent person would have exercised under the same circumstances. See Wise, The Sudden Emergency Doctrine As Applied in South Carolina, 20 S.C.L.Rev. 408 (1968).

The sudden emergency doctrine applies to the choice an actor makes after he is confronted with sudden peril through no fault of his own.

Plaintiff's testimony standing alone established that he was not negligent as a matter of law. The "sudden emergency" doctrine never came into play. He did not have a choice to make of any course of action to take to avoid hitting the car after he was confronted with the sudden emergency. When there is no choice of action, the sudden emergency doctrine is not applicable. Where factors of non-negligence, sudden danger, unpremeditated choice, and action based thereon are absent, the doctrine of sudden emergency is inapplicable. *Davis v. Calhoun*, 128 Ga.App. 104, 195 S.E.2d 759 (1973); *Zook v. Baier,* supra.

The failure of the trial court to give plaintiff's requested instruction on sudden emergency was not erroneous.

### C. *Plaintiff was not entitled to a new trial.*

Plaintiff claims there was an absence of substantial evidence to support the verdict of the jury. I disagree. There was sufficient evidence of negligence and contributory negligence to submit this case to the jury.

Defendant was driving north on Coors Road in the inside lane, slowed down, made a left turn signal and turned left, or west across the southbound lanes toward Blake Road. She drove at five miles per hour. She looked north and saw no approaching vehicle. There was sight distance of 300 feet south, the direction from which plaintiff was driving. The collision occurred in the right-hand lane near the shoulder of the roadway. She drove in front of plaintiff's car and was hit. This is sufficient evidence of defendant's negligence.

Plaintiff, driving south, did not see defendant's vehicle approaching from the north. He did not know where defendant's car came from, did not know where it was going, did not know why it was there, did not see defendant's car turning, and did not know whether defendant's car was moving or stopped. Plaintiff recalls being in the left southbound lane as soon as he got on Coors Road, but he does not remember which lane he was in from there to the point of collision. Immediately before the collision, and at all material times before the collision, he was clearly in the right-hand southbound lane. He marked a position on a photograph that put him in the outside lane a considerable distance from the point of collision. His tires left skid marks 30 feet long, entirely straight and completely within the right-hand southbound lane. The speed limit was 50 miles per hour. As soon as he saw the car, he "possibly tried to avoid it, go to the right". He could not remember if he changed lanes, and there is no evidence of his distance

**536**

from the point of collision when he first saw the car. He did not know whether he applied his brakes, but he thought he swerved to the right to avoid hitting defendant's car. He said he did not remember hitting the other vehicle. This is sufficient evidence upon which to submit the issue of contributory negligence to the jury.

Furthermore, plaintiff was not entitled to the benefit of a motion for a new trial. He did not move for a directed verdict at the close of the evidence. He cannot raise the issue of the sufficiency of the evidence on a motion for a new trial. *Nally v. Texas-Arizona Motor Freight, Inc.*, 69 N.M. 491, 368 P.2d 806 (1962).

The judgment of the trial court should be affirmed.