623 P.2d 987

**Jimmie Charles PAQUIN, Petitioner,**

v.

**Robert S. ECHEVERRIA, Respondent.**

**No. 13333.**

Supreme Court of New Mexico.

Feb. 12, 1981.

**474**

Glen L. Houston, Hobbs, for petitioner.

Crouch, Valentine & Ramirez, J. R. Crouch, Las Cruces, for respondent.

## OPINION

PAYNE, Justice.

While driving on an interstate highway, Jimmie Paquin was struck from behind by Robert Echeverria. Paquin filed suit to recover damages for injuries allegedly received in the accident. At the conclusion of the trial, at which the defendant presented no evidence other than his testimony as a hostile witness, the court gave, over Paquin's objection, an instruction on contributory negligence. The jury found Paquin was contributorily negligent and was barred from recovery. Paquin appealed and the Court of Appeals affirmed. He then sought review by this Court by way of certiorari. We granted certiorari and now reverse.

The sole question on certiorari is whether there was sufficient evidence to support the giving of the contributory negligence instruction. We hold that there was not.

The Court of Appeals, relying on *Archibeque v. Homrich*, 88 N.M. 527, 543 P.2d 820 (1975), correctly stated the test to be:

> If there is no evidence to justify submission of an issue to the jury, no instruction may be given; and no instruction may be given when it is based on speculation or conjecture.

We disagree, however, with their application of this rule.

The fact that there was an accident, injuries or damage, is not sufficient by itself to prove someone was negligent. *Waterman v. Ciesielski*, 87 N.M. 25, 528 P.2d 884 (1974). In the instant case the defendant could point to no act of negligence by Paquin. The possibility that Paquin was driving too slow was only suggested by testimony that Paquin was not going faster than 50 miles per hour. If Paquin was driving so slow that his speed created a hazard, the jury could have found him to be in violation of Section 64–18–4A, N.M.S.A. 1953 (Supp.1975) [Repealed N.M.Laws 1978, ch. 35, § 554], in which case he would have been negligent per se. *McKeough v. Ryan*, 79 N.M. 520, 445 P.2d 585 (1968). But there was no evidence, even when viewed in the light most favorable to the defense verdict, that Paquin was in violation of the statute or otherwise negligent. *See Martinez v. Schmick*, 90 N.M. 529, 565 P.2d 1046 (Ct. App.1977), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977). The only evidence in the record relating to the speed of the two vehicles comes from the testimony of the parties as part of Paquin's case. The defendant testified:

Q   About what speed did you travel on that trip?

A   55.

      *   *   *   *

Q   Tell us what happened.

A   I was driving along the Interstate, and I looked in my rearview mirror outside of the door, and I looked back, and I saw these lights.

Q   You saw the taillights of a vehicle in front of you?

A   Uh-huh.

Q   Were they burning normally?

A   I could see them from where I was at, you know.

      *   *   *   *

Q   Did you apply your brakes?

A   Yes, sir.

Q   How much time did you have to apply your brakes?

A   Not very much.

      *   *   *   *

Q   Did you lay down any skid marks?

A   Yes, there was.

Q   About how long were the skid marks?

A   Seven, eight feet long.

      *   *   *   *

Q   Did you tell them that it was your fault that the accident occurred?

A   I don't know whether I told them that or not. I don't remember saying that. I might have, but I knew that I

had hit somebody in the back, and it is usually the fault of the person who strikes somebody in the rear.

Q Could you tell how fast they were going?

A I don't believe they were going over 50 miles an hour.

Q But you couldn't tell?

A I couldn't tell.

Q You don't think they were going over 50.

A No.

Q You actually just ran upon them before you realized what happened; is that right?

A Yes, sir.

Paquin testified as follows concerning the speed of the two vehicles:

Q Tell us what you were doing prior to the accident. What you remember. What happened.

A We were just coming down the road. It was quite dark that night, and as I said, I didn't see any much traffic after dark anyway, and all of a sudden there was a loud collision with my pick-up. It knocked us several hundred feet, and it just happened so suddenly that I didn't really know what had happened when I was awakened by my brother, who brought me to.

＊　＊　＊　＊

Q You were traveling along at 55 miles an hour approximately in a heavy-duty truck.

A : Yes, sir.

＊　＊　＊　＊

Q You will have to tell me, Mr. Paquin, what happened that night. Did you see any lights or anything prior to the accident?

A What happened was we were traveling between 50 and 55 miles an hour. I thought I might have seen a flash of light in the side mirrors. I didn't have a rearview mirror in the truck. An instant later there was a loud collision and a jolt of the truck.

＊ ＊ ＊

＊　　＊　　＊　　＊

Q Let's go back now, if you would with me, Mr. Paquin, to January 18th, the night this accident occurred in 1975. I want to discuss that with you just a little. What was the speed of the vehicle that you were driving immediately before impact?

A I know I was driving 50 to 55 miles an hour.

No inference can be drawn from the foregoing that Paquin was in violation of a statute or was negligent. Nothing was introduced to show negligence by Paquin or that he was driving at less than 50 miles per hour.

The Court of Appeals relied in part on the physical damage to the vehicles in upholding the trial court's verdict. The physical damage demonstrates no negligence on the part of Paquin. All the damage shows is that the trail car was going faster than the lead car. No expert or other testimony was introduced as to the relative speeds of the vehicles or the significance of the vehicle damage. Any inference drawn from the damage done to the vehicles in this case would be mere speculation or conjecture and cannot support giving a contributory negligence instruction. *See Archibeque, supra.*

For these reasons it was error to give a contributory negligence instruction. We reverse and remand for a new trial consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, and RIORDAN, JJ., concur.

EASLEY, C. J., not participating.