ALBERT J. MEIN, JR., Appellant, v. MARY E. REED, Appellee.

No. 44250.

March 15, 1938.

E. H. Lundy, D. W. Dickinson, and John L. Butler, for appellant.

Bryson & Bryson, for appellee.

Richards, J.—In plaintiff's petition at law it was alleged:

"That on or about the 5th day of March, A. D., 1935, in the day time while Plaintiff was lawfully upon the Public Highway No. 65, at a point approximately two miles North of the Town of Iowa Falls, Iowa, with his team hitched to a manure spreader, and proceeding in a Westerly direction, one Kate Horton, so negligently and recklessly managed, directed, controlled and operated an automobile owned by Mary E. Reed, (formerly known as: Mary E. Carriell), with her consent, of which the said Kate Horton then had the full means of control and management, so as to cause said automobile to come into collision with the tongue of a corn planter contained within the manure spreader, striking the tongue of the corn planter with such force as to cause the said corn planter to be violently thrown forward and against the person of the Plaintiff; and at said time and place, the said Kate Horton so negligently failed to manage, control and operate said automobile as to prevent such collision as aforesaid."

Plaintiff also alleged that defendant's automobile approached from behind and collided with the rear end of the manure spreader, and that such approach was unknown to plaintiff until after the collision. There was also the further allegation:

"That the Plaintiff is without knowledge as to the particulars of the negligence of the said Kate Horton and of the means

possessed by the said Kate Horton for the control of the said automobile, or for the prevention of the said occurrence as herein alleged, such knowledge residing within the said Kate Horton.''

The case was tried on the theory, adopted by the parties, that, with respect to proof of defendant's alleged negligence, the rule of res ipsa loquitur was applicable. The evidence established that the automobile belonged to defendant Mary E. Reed, and that at the time of the accident she and Kate Horton were riding therein. The person who was driving the car was Kate Horton. A verdict was returned for defendant. Judgment was rendered against plaintiff and he has appealed.

There is but one assignment of error. It has to do with instruction numbered VII of the charge to the jury. In the third paragraph of that instruction the court advised the jury that the rule of res ipsa loquitur arises only in cases where the injured party does not know by what particular acts of negligence the accident was brought about, and where the instrumentality or thing that caused the accident is *entirely* within the control of the defendant, and where certain other elements appear that need not here be set out. We now quote from instruction VII the fourth paragraph thereof, that follows immediately after the mentioned third paragraph:

''So in this case, if the jury should find that plaintiff did not observe the approach of defendant's car, and in the nature of things cannot know how or why it came into collision with the protruding tongue of his corn planter, as alleged by him; that the collision would not normally have occurred except as a result of negligence on the part of the driver of defendant's car; that her automobile was within her exclusive control, or the exclusive control of her authorized driver; and that she only, or her driver, knows how the collision occurred, then in the absence of satisfactory explanation on defendant's part, you have a right to infer from the nature of the collision itself that the defendant or her driver must in some manner have been negligent.''

It will be noted that in the quoted portion of instruction VII the jury was charged that they had a right to infer from the nature of the collision itself that defendant or her driver

must have been in some manner negligent, in the absence of satisfactory explanation on defendant's part, if, inter alia, the jury should find that defendant's automobile was *within her exclusive control, or the exclusive control of her authorized driver.* (Italics are ours.) The giving of this italicized portion of instruction VII is the specific thing of which plaintiff complains.

In pointing out the alleged error, plaintiff says the evidence shows and the law presumes that defendant Mary E. Reed, as well as the driver, Kate Horton, were both exercising control of the automobile. The error the court committed, says plaintiff, was in limiting the matter of control to *exclusive* control in the defendant, or *exclusive* control in the driver, thereby precluding plaintiff from the benefit of the rule of res ipsa in the event the jury found that both defendant and her driver were in control of the car. The proposition hangs on what the word "exclusive" excluded. Plaintiff contends that exclusive control by defendant, as mentioned in the instruction, meant control by defendant to the exclusion of any control by her authorized driver, as well as exclusion of control by third parties, and that exclusive control by defendant's authorized driver meant control by such driver to the exclusion of any control by defendant, or any other person. But we are of the opinion that by a jury of reasonable intelligence it would be understood from this instruction that the thing that the word "exclusive" excluded, was control of the car by outsiders, strangers to defendant. Plaintiff's interpretation of the word "exclusive", as used, would carry with it an implication that the court intended to impart the thought that defendant could have the required control in person, but would not have such control if aided therein by her own agent, and to instruct inferentially that defendant's authorized driver, as agent or servant, could have control that would not be also the principal's control, that is required to be shown under res ipsa. We are not of the opinion that the court intended or the jury understood the instruction to have such implications. In the third paragraph of the instruction the jury was advised that in applying res ipsa loquitur the requisite is that the defendant be *entirely* in control of the instrumentality. That there would be such entire control by defendant if she and her own agent in concert were exercising control independently of third persons, we think would be

readily understood by the jury. In instruction XI the jury was told that defendant was chargeable with the consequences of the driver's acts. Although it might have been more happily worded, we interpret the instruction as having informed the jury that the rule of res ipsa loquitur was applicable in this case if the jury found that either defendant or her authorized driver had control of the car, not to the exclusion of control by the other of them, but to the exclusion of control by any third persons. This appears to have been all that plaintiff's theory of the case required. We find no error. There is an affirmance.—Affirmed.

STIGER, C. J., and HAMILTON, KINTZINGER, ANDERSON, MITCHELL, and MILLER, JJ., concur.