543 P.2d 820

Johnnie **ARCHIBEQUE**, as personal repre-
sentative and administrator of the Estate
of James F. Perkins, Deceased, Plaintiff-
Appellant,

v.

**B. J. HOMRICH**, Administrator of the Estate
of Felix J. Roberson, Jr., Deceased,
Defendant-Appellee.

No. 10366.

Supreme Court of New Mexico.

Dec. 15, 1975.

**528**

Smith, Ransom & Gilstrap, Michael Fitzpatrick, Albuquerque, for plaintiff-appellant.

Farlow & Lill, Sarah M. Bradley, Albuquerque, for defendant-appellee.

## OPINION

SOSA, Justice.

Plaintiff-appellant, personal representative and administrator of the estate of James F. Perkins, deceased, filed suit against the administrator of the estate of Felix J. Roberson, Jr., also deceased. The suit was for damages for wrongful death. From a jury verdict for the defendant, plaintiff appealed to the Court of Appeals. That court pursuant to section 16–7–14(C)(2) N.M.S.A.1953 (Repl.Vol. 4) certified the case to this court for final decision.

Plaintiff's decedent and defendant's decedent were both killed in a one car accident. Defendant's decedent was found on the driver's side of the front seat slumped over the steering wheel and plaintiff's decedent was on the passenger's side. It is apparent that the two died instantly, since there was no indication that either had moved after the accident. Plaintiff's decedent, a 21-year-old serviceman stationed in Idaho, was driving to Texas to be married. In the afternoon of July 15, 1970, he called his fiance to advise her of the possibility of his earlier arrival because he had picked up a hitchhiker, the defendant's decedent, who had offered to help with the driving.

There were no eyewitnesses to the accident and the evidence at trial consisted of the testimony of the investigating officer and experts on accident reconstruction. The state police investigation revealed that the 1969 Opel Kadette stationwagon was headed in a southerly direction on State Road 44 when it ran off the west side of the highway. It traveled 274 feet on the shoulder, returned to the highway, crossed over the north-bound traffic lane and onto the east shoulder, and plunged into a 14-foot-deep arroyo. From the point it returned to the highway to the point it left on the east side, the car traversed an arc measuring 73 feet diagonally (the highway was only 22 feet wide at this point). The car traveled 83 feet along the east edge of the pavement before plunging into the arroyo, which was some 24 feet from the east edge of the road. The car rolled over once in the arroyo and was found facing west in an upright position. The highway was straight and level at the site of the accident, and it was dry on the day of the ac-

cident. The distance from where the vehicle first left the highway to its final resting place was 430 feet.

Officer Viramontes testified that based upon his past experience in investigation it was his opinion that "the driver apparently dozed off, fell asleep at the wheel, at which time the vehicle went off the right hand side of the road in a gradual manner and the tires started kicking up gravel or weeds underneath the car, which apparently woke the driver up, at which time he realized he was off the road and tried to get back on the road, and when he did he overcorrected and his car went sideways, partially sideways, across the road and down the embankment."

The court instructed the jury on res ipsa loquitur, contributory negligence, sudden emergency, and agency. Upon appeal the plaintiff urges the following points for reversal:

POINT I The court's statement of the defendant's "defenses" did not comply with the requirement of New Mexico Uniform Jury Instructions and deprived plaintiff of a fair trial. The possibility that the injury occurred without negligence on the part of the defendant's decedent is not an affirmative defense to an action based on the doctrine of res ipsa loquitur.

POINT II The court improperly instructed the jury on the issue of contributory negligence. There was no evidence in the record to support a finding by the jury that the plaintiff's decedent, the passenger in the vehicle, failed to exercise ordinary care for his own safety.

POINT III There was no evidence that defendant's decedent was confronted with a sudden emergency at the time the vehicle left the roadway. The court's instruction on the concept of sudden emergency encouraged the jury to engage in guess and speculation and deprived plaintiff of a fair trial.

POINT IV The court's instruction that there was a presumption that de-

fendant's driver was acting as the agent of plaintiff's decedent in driving the vehicle interjected a false issue in the case and deprived plaintiff of a fair trial.

POINT V Defendant's decedent was guilty of negligence per se. Plaintiff was entitled to have the jury instructed on the driver's statutory duty to drive on the right hand of the roadway and to keep the vehicle within a single traffic lane.

POINT VI Plaintiff was entitled to a directed verdict on the issue of liability because defendant failed to show that the driver's failure to keep the vehicle on the roadway was due to something other than the driver's negligence.

I. Jury Instructions

As points 1, 2, 3 and 4 deal primarily with objections to instructions as given we will deal with them all under one point. Plaintiff-appellant argued that the first jury instruction included an improper affirmative defense, and the instructions on contributory negligence and sudden emergency were improperly given because there was no evidence to support them. We have difficulty with the following jury instructions:

INSTRUCTION NO. 1. For the benefit of Marie Perkins Foust, plaintiff Johnnie Archibeque, Sr., claims damages from defendant B. J. Homrich for the death of James Perkins which plaintiff claims was proximately caused by the negligence of Felix Roberson, Jr., in that:

1. The death of James Perkins was proximately caused by the fact that the automobile, which was under the exclusive control and management of Felix Roberson, Jr., ran off the side of the highway.

2. The event causing the death of James Perkins was of a kind which ordinarily does not occur in the absence of negligence on the part of the person driving the automobile.

Plaintiff has the burden of proving that damages were sustained and that the negligence of Felix Roberson, Jr. was the proximate cause thereof.

The defendant denies that the doctrine of res ipsa loquitur applies in this case and denies that there is any proof on the part of the defendant's decedent that he was negligent and affirmatively states that the accident in question could have occurred without negligence on the part of the defendant's decedent and that there is not any proof or facts available as to the cause of the accident in question. And further the defendant claims James Perkins was guilty of contributory negligence which was the proximate cause of his death.

The defendant has the burden of proving his allegations and defenses stated herein. . . .

INSTRUCTION NO. 2. Plaintiff relies in part upon the doctrine of "res ipsa loquitur" which is a Latin phrase and means "the thing speaks for itself."

In order for the jury to find Felix Roberson, Jr., negligent under this doctrine, plaintiff has the burden of proving each of the following propositions:

1. That the death of James Perkins was proximately caused by an automobile, which was under the exclusive control and management of Felix Roberson, Jr.

2. That the event causing the death of James Perkins was of a kind which ordinarily does not occur in the absence of negligence on the part of the person in control of the automobile.

If you find that each of these propositions has been proved, then the law permits you to infer that Felix Roberson, Jr., was negligent and that the death of James Perkins proximately resulted from such negligence.

If, on the other hand, you find that any one of the propositions have not been proved, or if you find, notwithstanding the proof of these propositions, that Felix Roberson, Jr., used ordinary care for the safety of others in his control and management of the automobile, then plaintiff cannot recover under the doctrine of res ipsa loquitur.

INSTRUCTION NO. 8. Where a non-owner is driving and the owner is present in the car a presumption exists that the driver is the agent of the owner. This presumption is based on the theory that the owner present in the car has the right to control the driver. Such presumption may be overcome by evidence to the contrary.

INSTRUCTION NO. 14. A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence of or the appearance of imminent danger to himself or another, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments.

His duty is to exercise only the care that a reasonably prudent person would exercise in the same situation.

If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any reasonably prudent person under the same conditions then he has done all the law requires of him, even though in the light of after events, it might appear that a different course would have been better and safer.

■ We find that the first instruction was improper. First, the ". . . [defendant] affirmatively states . . ." part is postured as an affirmative defense. However, it is not an affirmative defense but in effect, merely a denial and should have been stated as such. In the second jury instruction the "in part" must be deleted since the trial court only allowed one theory to go to the jury. We have reviewed the trial record and find no evidence to the effect that the plaintiff was contributorily negligent. Similarly, with respect

to jury instruction number 14, there was no evidence to the effect that a sudden emergency arose. We have held that it is error to instruct on issues which are unsupported by the evidence or which present a false issue. *State v. Atchison, Topeka and Santa Fe Railway Co.*, 76 N.M. 587, 417 P.2d 68 (1966); *Terry v. Biswell*, 66 N.M. 201, 345 P.2d 217 (1959). The testimony of defendant's expert, Don Evans, amounted to speculation and conjecture as to how the accident might have occurred. He stated that in accidents such as this one an insect could have been in the car; cigarette ashes could have blown into the eyes of the driver; an animal could have run out in front of the driver; the driver could have been ill; or another vehicle could have run this vehicle off the road. To base a jury instruction on speculation or conjecture is not proper, and the interjection of a false issue and the giving of instructions not warranted by the evidence require a reversal. *Reed v. Styron*, 69 N.M. 262, 365 P.2d 912 (1961); *Delgado v. Alexander*, 84 N.M. 456, 504 P.2d 1089 (Ct.App.1972), aff'd on other grounds, 84 N.M. 717, 507 P.2d 778 (1973); *Aragon v. Speelman*, 83 N.M. 285, 491 P.2d 173 (Ct.App.1971); *Garcia v. Barber's Super Markets, Inc.*, 81 N.M. 92, 463 P.2d 516 (Ct.App.1969).

## II. Res Ipsa Loquitur

■ The instant case presents the classic problem of whether the circumstantial evidence is sufficient to prove negligence on the part of the defendant. Negligence must be proved, and generally never will be presumed. *Kemp v. McNeill Cooperage Co.*, 7 Del. (Boyce) 146, 104 A. 639 (1918). The mere fact that accidents, injuries, or damages have occurred is not evidence that someone has been negligent. *Waterman v. Ciesielski*, 87 N.M. 25, 528 P.2d 884 (1974). Some form of proof, or evidence, must be presented which would lead reasonable men to conclude that it is more likely that the event was caused by negligence than that it was not. The evidence must meet the burden of proof by making it appear more likely than not.

There is no such thing as a causeless accident; accidents are caused occurrences. The crucial fact question is whether or not the cause of the accident was negligence. One of the theories the plaintiff sought to rely upon to prove defendant's negligence was res ipsa loquitur.

The traditional elements of res ipsa loquitur, derived from 4 J. Wigmore, Evidence § 2509 (1st ed. 1905), are the following: (1) the event must be a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff. The first two elements are most often considered to be the elements of res ipsa loquitur in New Mexico, while the third element is subsumed under contributory negligence. See *Waterman v. Ciesielski*, supra; *Mitchell v. Ridgway*, 77 N.M. 249, 421 P.2d 778 (1966); *Renfro v. J. D. Coggins Company*, 71 N.M. 310, 378 P.2d 130 (1963); *Tafoya v. Las Cruces Coca-Cola Bottling Company*, 59 N.M. 43, 278 P.2d 575 (1955); *Tapia v. McKenzie*, 85 N.M. 567, 514 P.2d 618 (Ct.App.1973).

■ Appellant argued that instruction number 8 interjected the false issue of agency, whereby the jury could conjecture that the driver's negligence could be imputed to the passenger. Appellee countered that the instruction was relevant to the issue of exclusive control, part of the second element of res ipsa loquitur. Appellee's theory has generally only been used by third parties against the driver and the driver's passenger, not between driver and passenger. See *Mein v. Reed*, 224 Iowa 1274, 278 N.W. 307 (1938); *Price v. McDonald*, 7 Cal.App.2d 77, 45 P.2d 425 (1935). "Exclusive control" is not a rigid, inflexible term as appellee would have us believe. See W. Prosser, Law of Torts § 39 (4th ed. 1971). In this case agency principles should not have been interjected into the issue of exclusive control. The trial court erred in submitting this instruction to the jury.

**532**

Appellant asserts that once the elements of res ipsa loquitur have been established, it compels the inference of negligence by the fact finder. This is not so. Once the elements of res ipsa loquitur have been established, it merely permits and does not compel the inference of negligence by the fact finder. *Tuso v. Markey,* 61 N.M. 77, 294 P.2d 1102 (1956). The fact finder is free to accept or to reject the inference.

III.  Negligence Per Se

The plaintiff argued that the trial court improperly denied his instruction on negligence per se. Plaintiff argued that the defendant, by running off the highway, had violated § 64–18–8 and § 64–18–16 N.M.S. A.1953 (2d. Repl.Vol. 9, pt. 2, 1972) and should be found negligent as a matter of law.

The test for negligence per se is the following: (1) there must be a statute which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly, (2) the defendant must violate the statute, (3) the plaintiff must be in the class of persons sought to be protected by the statute, and (4) the harm or injury to the plaintiff must generally be of the type the legislature through the statute sought to prevent. See *Fitzgerald v. Valdez,* 77 N.M. 769, 427 P.2d 655 (1967) (failure to put lamp near vehicle at night); *Sanchez v. J. Barron Rice, Inc.,* 77 N.M. 717, 427 P.2d 240 (1967) (failure to adjust furnace); *Hisaw v. Hendrix,* 54 N.M. 119, 215 P.2d 598 (1950) (failure to put flares out on road and failure to park off pavement); *Turrietta v. Wyche,* 54 N.M. 5, 212 P.2d 1041 (1949) (sideswiping); *Clay v. Texas-Arizona Motor Freight,* 49 N.M. 157, 159 P.2d 317 (1945) (speeding); *Dahl v. Turner,* 80 N.M. 564, 458 P.2d 816 (Ct. App.1969) (speeding); Prosser § 36, *supra.*

Sections 64–18–8 and –16 *supra* require that all motorists drive on the right hand side of the road except in certain instances. This the defendant, at least for part of the final 347 feet, failed to do. Whom the legislature sought to protect is not explicitly stated; however, it is rea-sonable to assume that it is the motoring public in general, including passengers such as the plaintiff. The harm sought to be prevented by the statutes apparently is head-on collisions or sideswiping the opposite moving traffic. It is doubtful that the statute could have been intended by the legislature to apply to a situation such as this. Thus, the district court properly refused to submit this instruction to the jury.

Plaintiff argued that the trial court should have granted plaintiff a directed verdict on the issue of liability because defendant was negligent per se. Once negligence per se is found, the fact finders would still have to determine whether the negligence per se was the actual and proximate cause of the accident. *Sanchez v. J. Barron Rice, Inc.,* supra; *Fitzgerald v. Valdez,* supra. Thus, the judge could not have granted a directed verdict on the issue of liability.

The trial court is reversed and the cause is remanded with instructions for a new trial to proceed in a manner not inconsistent herewith.

STEPHENSON and MONTOYA, JJ., concur.