Gary RAY, Plaintiff-Appellee,

v.

AZTEC WELL SERVICE COMPANY, Defendant-Appellant.

No. 83–2124.

United States Court of Appeals, Tenth Circuit.

Dec. 5, 1984.

Richard L. Gerding of Tansey, Rose-brough, Roberts & Gerding, P.C., Farmington, N.M., for defendant-appellant.

Catherine Gordon of Duhigg & Cronin, Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Defendant, Aztec Well Service Company, an operator of oil wells in New Mexico, appeals from the jury's verdict in this personal injury diversity case. Plaintiff, an experienced welder, was injured when an open container of liquid propane gas exploded as he lit his welding torch. Plaintiff was employed by a welding company defendant had hired to work at one of defendant's oil fields.

The trial court instructed the jury that Aztec would be guilty of negligence per se if the jury found that it violated the provisions of *Standards For Storage and Handling of Liquified Petroleum Gases* (1979), published by the National Fire Protection Association, Inc., and known as NFPA 58.

Aztec argues that this instruction was erroneous. In addition, Aztec contends that the trial court erred in using a regulation that has been repealed on a delayed basis by the New Mexico legislature.

In *Archibeque v. Homrich,* 88 N.M. 527, 543 P.2d 820, 825 (1975), the New Mexico Supreme Court outlined the test for a finding of negligence per se:

(1) there must be a statute which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly, (2) the defendant must violate the statute, (3) the plaintiff must be in the class of persons sought to be protected by the statute, and (4) the harm or injury to the plaintiff must generally be of the type the legislature through the statute sought to prevent.

The trial court in the case at hand instructed the jury pursuant to the *Archibeque* test. The trial court found that the NFPA Standards were adopted by the New Mexico Construction Industries Committee pursuant to its authority to "adopt and promulgate such rules and regulations as are necessary to carry out the purposes" of the Liquified Petroleum Gas Act, N.M.Stat. Ann. sections 70–5–1 to –22, 70–5–5(A) (1978) (the "LPG Act"),[1] and thus have the force and effect of statute for purposes of the *Archibeque* test.

Aztec contends that there was insufficient evidence for a finding that the Commission adopted that Handbook as part of its regulations. This court can take judicial notice of agency rules and regulations. *Roemer v. Board of Public Works of Maryland,* 426 U.S. 736, 742 n. 4, 96 S.Ct. 2337, 2343 n. 4, 49 L.Ed.2d 179 (1976). We take judicial notice of the fact that NFPA 58 was adopted in Code LP–2 on April 8, 1980.[2]

Aztec alleges that even if the Handbook was adopted by regulation, violation of a standard should not be considered

1. The LPG Act was repealed by 1981 N.M. Laws, ch. 241, section 15 (effective July 1, 1984). 1983 N.M. Laws, ch. 105, section 23, amended the law to further delay the effective date of the repeal until July 1, 1988.

2. Because we take judicial notice of the existence of the regulation, we find it unnecessary to reach defendant's argument that plaintiff failed to authenticate the Handbook as an official record as required by Rule 44 of the Federal Rules of Civil Procedure.

negligence per se because the regulation in question was not enacted for the protection of the class of persons to which plaintiff belonged, as required by *Archibeque*. The regulations adopted and promulgated under the LPG Act are for the protection of the "public peace, health and safety as affected by the use of such materials." LPG Act § 70–5–5(A). The Act clearly is intended to protect any person who may be in the area where LPG is stored, not just professional gas installers and retailers. In addition, the injury suffered by plaintiff is precisely the kind of harm sought to be prevented by the statute. Liquid petroleum gas is a substance which will explode when released into the atmosphere as a vapor and exposed to flame. The NFPA Standards are designed to prevent the release of the gas as a vapor and consequent risk of explosion. Adoption of these standards evinces a legislative intent to prevent the type of accident that occurred when plaintiff ignited a torch near open containers of LPG.

Finally, Aztec contends that the instruction was erroneous because "in order for the violation of a statute, ordinance or regulation to be pertinent and to be used against a party in a trial, it must be one which specifically requires a person to do or not to do a particular thing as opposed to the statement of a general rule of conduct." Appellant's Brief-in-Chief at 14. Aztec cites no New Mexico law in support of this statement; rather it calls our attention to a case decided by the Ohio Court of Appeals. We are not bound to follow any law other than the law of New Mexico. We find Aztec's cite to Ohio law unpersuasive and diametrically at odds with the first prong of the *Archibeque* test. The trial court was correct in its instruction to the jury on the issue of negligence per se.

■ Aztec's final argument is that the New Mexico legislature eliminated any effect the NFPA Handbook might have when it repealed the LPG Act on a delayed basis,

effective July 1, 1984. 1981 N.M. Laws, ch. 241, section 15. When the accident occurred on December 8, 1981, the LPG Act was in full force and effect and violation of the statute on that date constitutes negligence per se under the law of New Mexico.

The order of the trial court is in all respects AFFIRMED.