**Bob LEE and Serena Saylor, Plaintiffs,**

v.

**BARTLETT AND COMPANY,
Defendant.**

**No. 88–4125–R.**

United States District Court,
D. Kansas.

Nov. 1, 1990.

Lynn D. Lauver, Topeka, Kan., for Bob Lee Saylor, and Serena (NMI) Saylor, debtor, plaintiffs.

Charles T. Engel, Cosgrove, Webb & Oman, Topeka, Kan., for Bartlett and Company, defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a bankruptcy appeal. Debtors filed their bankruptcy petition on October 21, 1985. This matter arises from a complaint for turnover filed by debtors on October 22, 1987. In this complaint, debtors allege that Bartlett and Company, a grain elevator, agreed to purchase wheat that was delivered by Serena Saylor, but never paid for the wheat. Bartlett and Company argued in return that Serena Saylor refused to accept a joint payee check for the wheat, and that it was agreed the wheat would be stored pending a decision as to whom the check should list as a payee. Therefore, storage charges should be deducted from the purchase price of the grain, according to Bartlett and Company.

After an evidentiary hearing, the bankruptcy court held that there originally was a contract of sale for the grain, but the contract became one of storage because the manner of payment for the grain was unacceptable to Serena Saylor. The bankruptcy judge offered to sign an order directing the turnover of the price of the wheat minus storage charges or to sign an order dismissing the complaint. Ultimately, an order dismissing the complaint was signed.

Debtors have appealed from that order. The following issues have been raised on appeal: 1) whether the bankruptcy court erred in refusing to admit evidence offered by the debtors at the hearing; 2) whether the bankruptcy court erred in refusing to take judicial notice of statutes and regulations of the United States at the hearing; 3) whether the bankruptcy court erred in refusing to allow counsel for the debtors to argue and cite statutes, laws and regulations of the United States; and 4) whether the bankruptcy court erred in its application of the laws to the evidence in granting judgment for the defendant.

■ It is agreed that this court should apply a *de novo* standard to the bankruptcy court's conclusions of law and a clearly erroneous standard to the bankruptcy court's findings of fact. *In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399 (10th Cir.1986).

■ We shall proceed to consider the above-enumerated issues on appeal. First, debtors contend that the bankruptcy court erred by refusing to admit certain evidence as exhibits. The evidence in question were sets of requests for admissions and some business records. The bankruptcy judge refused to admit this evidence as exhibits apparently for a violation of Local Rule 30 of the Rules of the Bankruptcy Court. This rule concerns the preparation of trial exhibits and requires that such exhibits be marked in advance and that copies of exhibits and an exhibit list be prepared for the parties and the judge. The judge stated that the evidence was not marked in accordance with the rule. (Tr. 8.)

The answers to the requests for admissions would have established that: payment was stopped on a check for purchase of the wheat; $1,764.52 was the purchase price originally agreed to; no replacement check was issued for the original check on which payment was stopped; payment was stopped without the consent or prior notice to Serena Saylor; Serena Saylor received a scale ticket when she delivered the wheat—no warehouse receipt was delivered to her; Bartlett & Company is a federally licensed grain warehouse; and the interest rate in Kansas for unpaid accounts is 10% per annum. The business records indicated a reclassification of the scale ticket issued to Serena Saylor dated September 16, 1986.

Counsel for Bartlett & Company, the appellee, argues that the bankruptcy court was justified in enforcing the local rules, and that if error was committed, it was harmless error because the same information was received through oral testimony or exhibits which were admitted.

■ We do not find reversible error here. The bankruptcy judge indicated that counsel had been made aware of the rule concerning the marking of exhibits at the time of the pretrial conference in the case. (Tr. 8.) The judge did not abuse his discretion by enforcing the Local Rules. In any case, we agree that the relevant information in the exhibits in question was admitted through witness testimony or other exhibits. Therefore, even if the bankruptcy court did commit error, the error was harmless.

■■ The second and third issues raised on appeal concern the alleged refusal of the bankruptcy court to take judicial notice of or to allow argument concerning certain federal statutes and regulations governing the operation of grain warehouses. We believe the bankruptcy court committed error by refusing to take judicial notice of the federal statutes and regulations. As the bankruptcy judge noted, Federal Rule of Evidence 201 only concerns judicial notice of adjudicative facts. But, this rule does not define all of the court's powers of judicial notice. It is well-accepted that a court may take judicial notice of statutes and regulations. *Roemer v. Board of Public Works*, 426 U.S. 736, 742 n. 4, 96 S.Ct. 2337, 2343 n. 4, 49 L.Ed.2d 179 (1976); *Tucker v. Texas*, 326 U.S. 517, 519 n. 1, 66 S.Ct. 274, 275 n. 1, 90 L.Ed. 274 (1946); *Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 n. 2 (10th Cir.1984).

■ The error of the bankruptcy court does not require reversal in our opinion, however. First, we note that the bankruptcy court gave some thought to the regulations because the judge stated that "even if the regulations cited are applicable they do not initiate the actual contract reached between the parties." (Tr. 64.) We agree with this sentiment. Debtors appear to argue that there could be no storage contract because no warehouse receipt was issued since federal regulations require that warehouse receipts be issued when there is a storage contract. The cases do not mandate this conclusion. Sureties have been held liable for the obligations assumed by warehousemen under contracts with depositors who have been given scale tickets rather than warehouse receipts. *Farmers Elevator Mutual Insurance Company v. Jewett*, 394 F.2d 896 (10th Cir.1968); *Hartford Accident and Indemnity Co. v. State of Kansas*, 247 F.2d 315 (10th Cir.1957); *Western Surety Co. v. Avoyelles Farmers Co-op.*, 277 So.2d 627 (La.1973). Furthermore, there was no evidence in this case of a custom of issuing warehouse receipts, as opposed to scale tickets, when there was a contract of storage between a grain depositor and Bartlett and Company. Therefore, the fact that no warehouse receipt was delivered does not negate the existence of a storage contract, even if the issuance of a warehouse receipt is required by law.

In this case, the bankruptcy court held that there was originally a contract of sale which became one of storage. (Tr. 63.) The statutes and regulations cited by debtors do not require a different conclusion. Nor do we believe that the case should be remanded for the bankruptcy court to further consider the statutes and regulations, because it is apparent from the transcript that the judge did consider them.

■ Finally, debtors argue that the bankruptcy court erred in applying the laws to the evidence to grant judgment for Bartlett and Company. The court has reviewed the transcript and the exhibits in this case. There is adequate support in the record for the bankruptcy court's findings. The evidence indicated that Bartlett and Company issued a check for the purchase price of the wheat, but later stopped payment on the check when it learned of a lien on the grain. Bartlett and Company offered to replace the check with another check listing joint payees. But, this was not acceptable to Serena Saylor. So, storage of the grain was agreed to until the question of the lien could be resolved. There is no reason to believe the parties agreed that the grain would be stored without charge. It is undisputed that Serena Saylor delivered and stored other grain at the Bartlett and Company elevator about the time that the grain in question was delivered. After the grain at issue was

stored, debtors made no demands for the purchase price of the grain. But they were aware that it was being stored. This was confirmed in a telephone conversation in January 1986. Three months later, some other grain delivered and stored by debtors was offered for sale and purchased by Bartlett and Company. A check was issued for the purchase price minus storage charges. It is logical to assume that the same custom and practice was intended for the grain in question in this case.

The order of the bankruptcy court is affirmed. Copies of this order shall be transmitted to the Clerk of the Bankruptcy Court.

IT IS SO ORDERED.