This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                    **NO. 31,578**

**CARLTON JAMON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals from the district court's order remanding the case to magistrate court for modification of judgment and sentence. [RP 120] Defendant contends that the district court erred in concluding that, although Defendant was not found guilty of violating NMSA 1978, Section 66-7-317(A) (1978) (driving on roadways laned for traffic), the fact that Defendant's vehicle crossed/touched the lane markers on both sides created reasonable suspicion that Defendant was impaired and justified the officer stopping Defendant's vehicle to investigate him for DWI. [DS 4] The calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

Section 66-7-317(A) provides that:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:
>
> A. a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety;

This section is not violated by a one-car accident. *See, e.g.*, *Archibeque v. Homrich*, 88 N.M. 527, 532, 543 P.2d 820, 825 (1975). In addition, if the movement can be

made with safety it is not unlawful.  *See, e.g.*, *Aragon v. Speelman*, 83 N.M. 285, 288, 491 P.2d 173, 176 (Ct. App. 1971).

Defendant was convicted in magistrate court of failure to maintain his lane and DWI, first offense.  [RP 2]  Defendant appealed to district court for a de novo trial. [RP 1]  In district court, Defendant moved to suppress the officer's DWI investigation on the basis that Defendant had not violated Section 66-7-317(A), and, therefore, the officer did not have reasonable suspicion to stop Defendant's vehicle.  [RP 84] Defendant continues to argue that suppression is appropriate because Defendant did not violate Section 66-7-317(A), the stop was therefore based upon the officer's mistake of law, and the State never established sufficient reasonable suspicion for the stop.  [MIO 3]  We are not persuaded.

At the suppression hearing, the officer testified that on or about October 15, 2010, in McKinley County, New Mexico, he observed Defendant's vehicle cross over the centerline to the left; Defendant's vehicle turned back to the right and hit the shoulder line; Defendant's vehicle then turned back to the left, touched the [center] line, and then turned back to the right and "did the same thing."  [RP 101, 9:14:37 AM]  When the officer observed Defendant's vehicle, there were no other vehicles around.  [RP 102, 9:29:42 AM]  The officer activated his emergency equipment; Defendant turned on his turn signal and pulled into a closed business lot; and the

officer pulled his vehicle behind Defendant's vehicle and made contact with Defendant. [RP 71, RP 102] At the hearing, the officer showed a video tape that confirmed the officer's testimony about Defendant's vehicle's actions. [RP 102-03, 9:20:32 - 9:38:06 AM] After investigating, the officer cited Defendant for failure to maintain his lane and for DWI. [RP 73-74] Defendant was convicted in magistrate court of both offenses.

After trial in district court, the judge ruled that he did not believe Section 66-7-317(A) (failure to maintain lane), was violated because the State had not demonstrated that a hazard was created by Defendant crossing over the lane markers. [RP 105, 9:53:31 - 9:54:44 AM] The district court also ruled, however, that, "by the mere fact that a vehicle in a very short distance would leave its assigned lane of traffic on at least three different occasions would give [the officer] cause to suspect the person would be impaired." [Id.] Defendant was convicted of DWI, first offense, and the district court vacated Defendant's magistrate court conviction for failure to maintain his lane. We agree with the district court.

The district court was correct in vacating Defendant's conviction for failing to maintain his lane under the case law construing Section 66-7-317(A), as set forth above. Nevertheless, the fact that Defendant's vehicle was weaving back and forth created reasonable suspicion that Defendant was in violation of Section 66-7-317(A)

4

and/or NMSA 1978, Section 66-8-102(A) (2010) (stating that "[i]t is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state"). "A police officer has probable cause when facts and circumstances within the officer's knowledge, or about which the officer has reasonably trustworthy information, are sufficient to warrant an officer of reasonable caution to believe that an offense is being committed or has been committed." *State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (citing *State v. Salas*, 1999-NMCA-099, ¶¶ 17-18, 127 N.M. 686, 986 P.2d 482). "A person is under the influence of intoxicating liquor if as a result of drinking liquor [the driver] was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to [the driver] and the public." *Id.* (internal quotation marks and citation omitted).

Defendant's reliance on *City of Farmington v. Fordyce*, Ct. App. No. 30,638, a memorandum opinion filed on November 21, 2011, is misplaced. [MIO 5] First, as Defendant recognizes, a memorandum opinion of this Court may have persuasive value, but it is not precedent. Rule 12-405 NMRA. Second, the facts of *Fordyce* may be distinguished from the facts in this case. In that case, during a turn, the defendant's truck tires touched the lane line but the defendant was not engaged in otherwise erratic driving behavior. [MIO 6] In contrast, in this case, the officer observed Defendant's

vehicle cross over the centerline to the left; Defendant's vehicle turned back to the right and hit the shoulder line; Defendant's vehicle then turned back to the left, touched the [center] line, and then turned back to the right and "did the same thing." [RP 101, 9:14:37 AM] A video tape shown at trial confirmed the officer's testimony about Defendant's vehicle's actions. [RP 102-03, 9:20:32 - 9:38:06 AM] Defendant's otherwise erratic driving behavior implicated Section 66-7-317(A) even where Defendant could not be convicted of violating it because there were no other vehicles around. *See, e.g.*, *State v. Brennan*, 1998-NMCA-176, ¶ 12, 126 N.M. 389, 970 P.2d 161 (explaining that "[a] reasonable suspicion may be a mistaken one. A lawful investigatory stop may be made on reasonable suspicion of an offense even though the defendant cannot ultimately be convicted of that offense". (internal quotation marks and citations omitted)). Defendant's erratic driving also implicated Section 66-8-102(A). "Thus, . . . there were facts available to [the o]fficer . . . that would warrant a person of reasonable caution to believe the stop was appropriate." *Brennan*, 1998-NMCA-176, ¶ 10. The officer was justified in stopping Defendant's vehicle.

**CONCLUSION**

We affirm the district court's decision to deny Defendant's motion to suppress.

**IT IS SO ORDERED.**

 

                                                        _____

                                                        **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**RODERICK T. KENNEDY, Judge**