This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 33,986**

**GREGORIO CARRERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Tonya Noonan Herring, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant Gregorio Carrera appeals his convictions for failure to maintain traffic lane, contrary to Albuquerque, N.M., Ordinances ch. 8, art. II, § 1-42 (1974), and driving while under the influence of intoxicating liquor or drugs (DWI), contrary to NMSA 1978, Section 66-8-102(A) (2010). With respect to his conviction for failure to maintain traffic lane, Defendant argues for the first time on appeal that the metropolitan court's jury instruction as given constituted fundamental error. After reviewing the record and legal arguments, we conclude that no fundamental error occurred. With respect to his conviction for DWI, Defendant argues that insufficient evidence supported his conviction. We disagree and affirm Defendant's convictions.

**BACKGROUND**

{2}     On August 6, 2011, Albuquerque Police Officer Ryan Graves was standing outside the Taco Cabana restaurant at the intersection of Wyoming and Montgomery when he heard a vehicle strike a curb. Officer Graves turned in the direction of the sound and saw Defendant's pick-up truck in the left turn lane of eastbound Montgomery with one of his left tires up on the median curb. Officer Graves exited Taco Cabana and maneuvered his patrol car behind Defendant. When the light turned green, Defendant turned north onto Wyoming. Instead of pulling directly into either the left or middle lane, Defendant straddled the dividing line for an extended period.

Officer Graves initiated a traffic stop and, after approaching the vehicle, observed an odor of alcohol emanating from Defendant's person. Officer Graves called for a DWI officer to continue the investigation.

{3}    Officer Dominic Martinez responded. Upon contacting Defendant, Officer Martinez observed that Defendant had bloodshot, watery eyes, slurred speech, and an odor of alcohol emanating from his person. Defendant admitted consuming alcohol earlier in the evening. Defendant agreed to undergo field sobriety tests and disclaimed any medical issues that would impact his ability to perform the tests.

{4}    Officer Martinez performed a horizontal gaze nystagmus test during which Defendant had a noticeable front-to-back sway. On the walk-and-turn test, Defendant fell out of the instructional stance twice, began the test prior to being instructed once, missed heel-to-toe steps on the first seven steps, took the incorrect number of steps, turned incorrectly, and missed all heel-to-toe steps during his return. On the one-leg-stand test, Defendant put his foot down twice and raised his hands to waist level throughout. Based on Defendant's erratic driving, performance on the field sobriety tests, and admission of drinking, Officer Martinez arrested Defendant for DWI.

{5}    Defendant agreed to take a breath alcohol test (BAT), which was performed in accordance with Scientific Laboratory Division regulations. Defendant's BAT resulted in two measurements of 0.07.

**{6}** At trial, Defendant testified that his erratic driving was a result of his unfamiliarity with the area and that his poor performance on the field sobriety tests was a result of his being overweight. He also testified that he did not hit the curb as testified to by Officer Graves.

**{7}** Defendant was convicted in a jury trial of failure to maintain traffic lane and DWI. Defendant's sole argument on appeal to the district court was that insufficient evidence supported his DWI conviction. The district court affirmed Defendant's DWI conviction in a memorandum opinion. Given Defendant's failure to appeal, the district court summarily affirmed his conviction for failure to maintain traffic lane.

**{8}** On appeal to this Court, Defendant first filed a docketing statement relating solely to his DWI conviction. Defendant subsequently filed a motion to amend the docketing statement relating to both his DWI conviction and his conviction for failure to maintain traffic lane. With respect to his conviction for failure to maintain traffic lane, Defendant argues that, despite his failure to timely object, the jury instruction given by the metropolitan court constituted fundamental error.[1] Defendant also

---

[1] The State argues in its answer brief that Defendant has abandoned this issue under *State v. Vigil*, 2014-NMCA-096, ¶¶ 17-18, 336 P.3d 380, *cert granted*, 2014-NMCERT-009, 337 P.3d 95. We make no determination as to the correctness of the State's argument and elect to decide the issue on the merits.

reiterates his argument that insufficient evidence supported his DWI conviction. We discuss these arguments in turn.

**THE FUNDAMENTAL ERROR DOCTRINE**

{9}     The fundamental error doctrine stands as "[a]n exception to the general rule barring review of questions not properly preserved below[.]" *State v. Osborne*, 1991-NMSC-032, ¶ 38, 111 N.M. 654, 808 P.2d 624 (internal quotation marks and citation omitted). "The rule of fundamental error applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72. Our appellate courts apply the fundamental error doctrine "very guardedly . . . and never in aid of strictly legal, technical, or unsubstantial claims[.]" *State v. Garcia*, 1942-NMSC-030, ¶ 23, 46 N.M. 302, 128 P.2d 459 (internal quotation marks and citation omitted).

{10}     Defendant was charged with a violation of the City of Albuquerque traffic code. The text of the ordinance at issue states "[n]o operator of a vehicle shall fail to keep such vehicle within the boundaries of a marked traffic lane, except when lawfully passing another, making a lawful turning movement or lawfully changing lanes." Ordinance 8-2-1-42.

{11} At trial, the metropolitan court gave the following jury instruction:

For you to find the defendant guilty of failure to maintain traffic lane, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. [D]efendant drove a vehicle[;]

2. [D]efendant failed to keep the vehicle within the boundaries of the marked traffic lane;

3. [D]efendant was not lawfully passing another vehicle, making a lawful turn, nor lawfully changing lanes at the time [D]efendant failed to keep within a traffic lane;

4. This happened in the City of Albuquerque, State of New Mexico on or about the 6th day of August, 2011.

Defendant raised no objection to this instruction at trial and argues for the first time on appeal that, to avoid juror confusion constituting fundamental error, the metropolitan court had an obligation to "harmonize" elements from a similar but uncharged ordinance, Albuquerque, N.M., Ordinances ch. 8, art II, § 1-39(A) (1974), and a similar but uncharged state statute, NMSA 1978, Section 66-7-317 (1978), into the jury instruction.

{12} Ordinance 8-2-1-39(A) requires that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until such movement can be made with safety." This language is nearly identical to that found in Section 66-7-317. *See* § 66-7-317(A) ("[A] vehicle shall be driven as nearly

6

as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety[.]). Our Supreme Court has held that a violation of Section 66-7-317(A) is characterized by potential endangerment to the motoring public. *See Archibeque v. Homrich*, 1975-NMSC-066, ¶ 16, 88 N.M. 527, 543 P.2d 820 ("The harm sought to be prevented by the statutes apparently is head-on collisions or sideswiping the opposite moving traffic."). Despite clear differences between the language of Ordinances 8-2-1-42 and 8-2-1-39(A), Defendant argues, essentially, that *Archibeque*'s public safety consideration should have been conveyed in a jury instruction. This argument is inconsistent with established principles of statutory construction.

{13}     Our principle goal in construing a statute is to give effect to the legislative intent. *State v. Smith*, 2004-NMSC-032, ¶ 8, 136 N.M. 372, 98 P.3d 1022. In doing so, we presume that a legislative body "does not intend to enact a nullity[.]" *Inc. Cty. of Los Alamos v. Johnson*, 1989-NMSC-045, ¶ 4, 108 N.M. 633, 776 P.2d 1252. Defendant's argument requires that we read Ordinance 8-2-1-42 as identical to Ordinance 8-2-1-39(A); a result that would nullify Ordinance 8-2-1-42.

{14}     In contrast to Ordinance 8-2-1-39(A), Ordinance 8-2-1-42 requires that a driver maintain his or her lane except when lawfully passing another vehicle, turning, or changing lanes. There is no evidence that Defendant was undertaking any of these

maneuvers after completing his turn onto northbound Wyoming. The jury instruction given by the metropolitan court tracked the substantive language of the Ordinance at issue and adequately described the offense with which Defendant was charged. *See State v. Caldwell*, 2008-NMCA-049, ¶ 25, 143 N.M. 792, 182 P.3d 775 ("Jury instructions that substantially follow the language of the statute or use equivalent language do not constitute fundamental error." (internal quotation marks and citation omitted)). Because Defendant was charged with a violation of Section 8-2-1-42, a distinct ordinance from Section 8-2-1-39(A), we discern no reason that this jury instruction would cause confusion such that a guilty verdict would constitute a "miscarriage of justice[.]" *Sutphin*, 2007-NMSC-045, ¶ 16 (internal quotation marks and citation omitted). Therefore, the jury instruction as given did not constitute fundamental error.

**SUFFICIENCY OF THE EVIDENCE**

{15}    In reviewing the sufficiency of the evidence, this Court "must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Defendant was convicted under Section 66-8-102(A), which prohibits "a person who is under the influence of intoxicating liquor to drive a vehicle within this state." To prove this

8

offense beyond a reasonable doubt, the State must demonstrate that "as a result of drinking liquor [D]efendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public[.]" UJI 14-4501(2) NMRA.

{16} At trial, the State presented evidence that Defendant had bloodshot, watery eyes, slurred speech, admitted to drinking earlier in the evening, and performed poorly on the field sobriety tests. Defendant also submitted to a BAT that resulted in two measurements of 0.07. *See State v. Pickett*, 2009-NMCA-077, ¶ 14, 146 N.M. 655, 213 P.3d 805 (holding that BAT results are "relevant as evidence of alcohol in [the d]efendant's system that would indicate that [the d]efendant's poor driving was due to his consumption of liquor"). Despite Defendant's contrary theories as to the reason for his erratic driving and poor performance on the field sobriety tests, our appellate courts do not re-weigh the evidence. *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057; *see State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (holding that "the jury is free to reject [the d]efendant's version of the facts").

{17} Under existing case law, the evidence before this Court is sufficient to affirm Defendant's DWI conviction. *See, e.g.*, *State v. Nevarez*, 2010-NMCA-049, ¶¶ 33-36, 148 N.M. 820, 242 P.3d 387 (holding that sufficient evidence supported the

defendant's conviction for driving while impaired to the slightest degree when the defendant had bloodshot, watery eyes, smelled of alcohol, admitted to drinking, failed field sobriety tests, and was driving at a high rate of speed); *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that sufficient evidence supported the defendant's conviction for driving while impaired to the slightest degree when the defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically).

**CONCLUSION**

{18}	For the foregoing reasons, we affirm.

{19}	**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**M. MONICA ZAMORA, Judge**